91 F.3d 167
 39 U.S.P.Q.2d 1381
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
STOUGHTON TRAILERS, INC., Plaintiff-Appellant,
v.
MONON CORPORATION and Rosby, Inc. Defendants-Appellees.
 No. 95-1535.
 United States Court of Appeals, Federal Circuit.
 May 10, 1996.
 
 Before RICH, PLAGER and CLEVENGER, Circuit Judges.
 PLAGER, Circuit Judge.
 
 
 1
 The United States District Court for the Western District of Wisconsin granted Monon Corporation's and Rosby's (collectively, "Monon's") motion to dismiss Stoughton Trailers' ("Stoughton's") declaratory judgment action for lack of subject-matter jurisdiction, there being no justiciable controversy. Stoughton v. Monon, No. 95-C-97-S (W.D.WI June 12, 1995). Stoughton appeals. The district court is correct; the correspondence between the parties was not sufficient to create a reasonable apprehension of litigation. The judgment is affirmed.
 
 DISCUSSION
 
 2
 Both parties to this action, Stoughton and Monon, are privately held corporations engaged in the manufacture and sale of various truck trailers and containers. Monon owns several patents relevant to this suit. First, Monon owns United States Patent Number 4,907,017 ('017), which is the centerpiece of current infringement litigation in Illinois between the two parties, and not now before us. Second, Monon owns the three patents at issue in this suit, Patents Nos. 5,066,066 ('066), 5,205,428 ('428) and 5,248,051 ('051).
 
 
 3
 Stoughton brought a declaratory judgment action claiming that, through various correspondence, Monon has threatened to sue Stoughton for infringing these three patents. An actual controversy must be present before a declaratory judgment action is ripe for adjudication. 28 U.S.C. § 2201. See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-41 (1937). To constitute an actual controversy, the plaintiff has the burden of establishing by a preponderance of the evidence, inter alia, that it has a reasonable apprehension that it will be sued. See Jervis B. Webb Co. v. Southern Sys., Inc., 742 F.2d 1388, 1398 (Fed.Cir.1984). The test is an objective one. We look first for any express charges of infringement. If there is no express charge of infringement, we look to the totality of the circumstances. Shell Oil Co. v. Amoco Corp., 970 F.2d 885, 888 (Fed.Cir.1992).
 
 
 4
 Whether the parties' conduct was sufficient to create an actual controversy is a question of law; although we take full account of the trial court's view of the matter, ultimately we must make the decision for ourselves. Id. After reviewing the correspondence between the parties, and looking at the matter as a whole, we are not persuaded that Monon's behavior would raise in Stoughton an objective reasonable apprehension of litigation regarding these three patents. Most importantly, while the correspondence manifests a threat of enforcement of the '017 patent, it raises no such apprehension about the other patents. It only offered a license for the '066 and '051 patents; there is no express or implied threat in the way Monon made this offer. Furthermore, the correspondence does not mention the '428 patent. Monon neither asserted infringement nor threatened litigation over the three patents. Because Monon actually sued on the '017 patent, Stoughton's fear of suit on the other patents is objectively diminished, given the unlikelihood that Monon would leave the forum selection for suit on the other three patents up to Stoughton.